IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| MICHAEL THURMAN, | ) | |
| | ) | Civil No. 07-1264-JO |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CHARLES DANIELS, Warden, | ) | ORDER TO REOPEN and DENYING |
| FCI-Sheridan, | ) | MOTION FOR APPOINTMENT OF |
| | ) | COUNSEL |
| Respondent. | ) | |

JONES, District Judge.

The Clerk of Court is directed to reopen this action on the basis that petitioner paid the filing fee on November 19, 2007.

Before this court is petitioner's undocketed motion for appointment of counsel. For the reasons set forth below, petitioner's motion is DENIED.

Unless an evidentiary hearing is required, the decision to appoint counsel in a § 2241 proceeding is within the discretion of the district court. Terrovona v. Kincheloe, 852 F.2d 424, 429 (9th Cir. 1988); Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir.),

1 - ORDER TO REOPEN and DENYING MOTION FOR APPOINTMENT OF COUNSEL

cert. denied, 479 U.S. 867 (1986). This discretion is exercised in favor of an appointment if the circumstances of the case indicate that counsel is necessary to prevent due process violations or if the court determines "'that the interests of justice require.'" Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986), cert. denied, 481 U.S. 1023 (1987) (quoting 18 U.S.C. § 3006A(g)); Knaubert, 791 F.2d at 728-29. Counsel need not be appointed when a petitioner has a "good understanding of the issues and the ability to present forcefully and coherently his contentions." LaMere v. Risley, 827 F.2d 622, 626 (9th Cir. 1987).

The interests of justice do not require the appointment of counsel in this case. The legal issues are not of such complexity that petitioner cannot present them *pro se*. Further, petitioner has demonstrated his ability to articulate his grounds for relief.

## CONCLUSION

Based on the foregoing, the Clerk of Court is directed to reopen this action and petitioner's undocketed motion for appointment of counsel is DENIED with leave to renew if the court determines that an evidentiary hearing in this case is required.

IT IS SO ORDERED.

DATED this 6th day of December, 2007.

       /s/ Robert E. Jones
       Robert E. Jones
       United States District Judge